UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHOA DANG NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANDY PARKER,<br><br>　　　　Defendant. | Case No. 5:14-cv-04378 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

　　　　Plaintiff Khoa Dang Nguyen ("Nguyen") filed a Complaint against Randy Parker ("Parker"), in his individual capacity as Chief Executive Officer and President of Permanent General Companies ("The General"), for damages incurred after an automobile accident. Presently before the court is Parker's Motion to Dismiss the Complaint. See Docket Item No. 11. Nguyen did not file a timely opposition to the Motion.[1]

　　　　Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for March 19, 2015, will be vacated, and Parker's motion will be granted for the

---

[1] The court understands that Nguyen is proceeding without legal representation and for that reason has reviewed the document he filed on December 2, 2014 (Docket Item No. 16), despite its tardiness. See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002). The document has not been construed as an opposition, however, because it is not responsive to Parker's arguments.

1
Case No.: 5:14-cv-04378 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

reasons explained below.

## I. BACKGROUND

Although the Complaint is not a model of clarity, the court has been able to decipher the salient facts from Nguyen's allegations and other documents submitted by Parker.[2] Nguyen was involved in an automobile accident with Randy Burton on October 23, 2012, in San Jose. According to the police report describing the incident, Nguyen and Burton were in the left turn lane of southbound Monterey Highway at Phelan Avenue. The front end of Burton's vehicle collided with the rear end of Nguyen's vehicle when both were attempting a U-turn. Nguyen was transported to the hospital with neck pain and each vehicle sustained minor damage. The reporting officer concluded that Burton was at fault.

Burton had liability insurance with The General at the time of the accident. His policy allowed up to $15,000 per person or $30,000 per accident for claims of bodily injury, and up to $5,000 for property damage claims.

On September 12, 2013, Nguyen made a demand on The General for $60,579.68, which amount included damages for medical expenses, legal services, property damage, and income loss. The General countered Nguyen's demand with an offer of $8,960 for medical expenses, which was eventually raised to the policy limit of $15,000. The General also paid Nguyen $1,394.95 based on its estimate of the damage to his vehicle.

Seemingly unsatisfied with the offer, Nguyen filed a lawsuit against The General in this court on April 4, 2014. See Case No. 5:14-cv-01567 EJD. After reviewing the action in anticipation of a Case Management Conference, the undersigned issued a detailed order on September 2, 2014, explaining that service of process was inadequate. Specifically, the court notified Nguyen that simply mailing the documents to The General did not suffice; "this type of

---

[2] On a motion to dismiss, the court may consider material subject to judicial notice and material upon which the Complaint relies, in addition to the pleading itself. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012); Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Parker's request for judicial notice is GRANTED.

2
Case No.: 5:14-cv-04378 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

service does not comply with either California or Tennessee law because it was not directed to *an individual* designated to accept service on behalf of Defendant and was not sent along with a *request for return receipt*." The court also extended the deadline to complete service of process to September 16, 2014. But instead of re-serving the documents, Nguyen filed Notice of Voluntary Dismissal on September 8, 2014. The court dismissed the action without prejudice two days later. He initiated this action on September 29, 2014.

## II.   LEGAL STANDARD

Parker invokes several sections of Federal Rule of Civil Procedure 12, but only two are necessary to entirely resolve this motion.

### A.   Federal Rule of Civil Procedure 12(b)(2)

Under Rule 12(b)(2), a defendant may move for dismissal based on a lack of personal jurisdiction. Two independent limitations may restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990). California's statutory limitation is co-extensive with the outer limits of due process. See id. at 1361; Cal. Code Civ. Proc. § 410.10. Accordingly, the federal and state jurisdictional inquiries merge into a single analysis. See Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

Due process permits the exercise of jurisdiction if a court has either general or specific jurisdiction over a nonresident defendant. See Sher, 911 F.2d at 1361. "General jurisdiction applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." Id. "Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action." Id. (internal citations omitted).

Though the plaintiff bears the burden of demonstrating jurisdiction, where, as here, a court considers only written materials, the plaintiff need only make a prima facie showing of jurisdictional facts to overcome a defendant's motion to dismiss. See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). A plaintiff makes a prima facie showing by

3
Case No.: 5:14-cv-04378 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   producing admissible evidence which, if believed, would be sufficient to establish the existence of
2   jurisdictional facts. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In deciding whether
3   such a showing has been made, a district court must accept as true the uncontroverted allegations
4   in the complaint and must resolve any conflicts over statements made in the parties' affidavits in
5   the plaintiff's favor. See Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Functionally, the plaintiff's "well-pleaded factual allegations" will be treated as true for the purposes of a Rule 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court will also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

Parker argues for dismissal under Rule 12(b)(2) because the Complaint does not establish a basis for personal jurisdiction over him as an individual. Under Rule 12(b)(6), Parker contends Nguyen cannot state a claim against him as a matter of law. These arguments are addressed in turn below.

### A. Personal Jurisdiction

Since there is not an opposition to this motion, the court has reviewed the Complaint's

4
Case No.: 5:14-cv-04378 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  allegations and attachments to determine whether there exists a basis for personal jurisdiction over
2  Parker.  It is apparent the pleadings are insufficient for that purpose, even when construed in a
3  light favorable to Nguyen.  Indeed, aside from naming Parker in the caption and listing a service
4  address for him in Tennessee, there are no allegations - jurisdictional or otherwise - which
5  describe Parker's connections to California or his individual involvement in Nguyen's claim
6  against Burton or The General.  None of the documentation attached to the Complaint mentions
7  Parker, nor is he alleged to have directed the rejection of Nguyen's offers or personally authorized
8  any of The General's counter-offers.

Under these circumstances, Nguyen did not satisfy his burden to show that the court may exercise either general or specific personal jurisdiction over Parker as an individual defendant. For general jurisdiction, Nguyen did not plead any facts demonstrating Parker's "substantial" or "continuous and systematic" California contacts.  See Sher, 911 F.2d at 1361.  Similarly, Nguyen failed to plead facts showing that Nguyen "purposefully directed" any activities toward California with regard to his insurance claim.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  Accordingly, Parker's Rule 12(b)(2) motion will be granted.

### B.     Failure to State a Claim

As stated above, there are no allegations in the Complaint which constitute a claim against Parker.  Thus, Parker is also properly dismissed under Rule 12(b)(6).  But because Nguyen may have confused Parker with Burton or may have misconstrued the order addressing service issued in his prior action, the court feels compelled to address whether Nguyen can state a claim against The General if he were given leave to do so.

The factual allegations suggest that Burton entered into a liability insurance contract with The General, as evidenced by the Policy Declarations produced by Parker.  Thus, Burton is an insured of the General.  Nguyen, however, is not an insured of The General according to the police report from the accident on October 23, 2012.  Nor do the allegations show that Nguyen is a party or intended beneficiary of Burton's insurance contract, that he obtained a judgment against Burton, or that he received an assignment of rights from Burton to sue The General.  Nguyen

therefore has not established that he can maintain a viable third-party action against The General for damages arising from the accident with Burton. See Harper v. Wausau Ins. Corp., 56 Cal. App. 4th 1079, 1086 (1997) ("As a general rule, absent an assignment of rights or a final judgment, a third party claimant may not bring a direct action against an insurance company on the contract because the insurer's duties flow to the insured.").

This raises the issue of leave to amend. The court recognizes that "[a] district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013). Here, however, amendment is not entirely futile since Nguyen may be able to state a claim against The General if he can produce an assignment of rights or a judgment against Burton. While it is unlikely either of these events have occurred, the court will allow Nguyen the opportunity to amend rather than make the assumption.

## IV.   ORDER

Based on the foregoing, Parker's Motion to Dismiss for lack of personal jurisdiction (Docket Item No. 11) is GRANTED. Parker is DISMISSED WITHOUT PREJUDICE. Grigsby v. CMI Corp., 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (noting that a dismissal for lack of personal jurisdiction should be without prejudice).

The Motion to Dismiss for failure to state a claim is also GRANTED and the Complaint is dismissed in its entirety. Nguyen may file an amended complaint on or before **December 31, 2014**, but in doing so must comply with the following instructions:

1.   Any amended complaint shall not name Parker as a defendant but must instead name The General and must contain allegations which establish both federal subject matter jurisdiction and personal jurisdiction over The General.

2.   Nguyen must also state in the amended complaint why he can bring a case against The General even though he is not a party to an insurance contract with that company. He may be able to do this by showing that he obtained a judgment against Burton or that he obtained an assignment of rights from Burton.

Nguyen is advised that failure to file a timely amended complaint or failure to amend the

6
Case No.: 5:14-cv-04378 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

complaint in a manner consistent with this Order may result in the dismissal of this action without further notice. Nguyen is further advised that, because his application to proceed in forma pauperis was granted (Docket Item No. 5), the court will conduct a review of any amended complaint pursuant to 28 U.S.C. § 1915(e)(2) before ordering service of process.

The hearing scheduled for March 19, 2015, is VACATED. Parker's ex parte motion (Docket Item No. 13) is DENIED AS MOOT. Nguyen's Motion filed December 2, 2014 (Docket Item No. 16) is DENIED.

**IT IS SO ORDERED.**

Dated: December 8, 2014

EDWARD J. DAVILA
United States District Judge

7
Case No.: 5:14-cv-04378 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS